UNITED STATES of America,
Plaintiff—Appellee,

v.

Juan Manuel AVILEZ–ZAMORA,
Defendant—Appellant.

No. 04–10687.

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

---

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Juan Manuel Avilez–Zamora appeals from his 121–month sentence imposed following a guilty plea to conspiracy to commit hostage taking, in violation of 18 U.S.C. §§ 371 and 1203, and his 120–month sentence for conspiracy to harbor illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(A)(v)(I) and (II). We have jurisdiction pursuant to 28 U.S.C. § 1291.

Upon review of the record, we conclude that, based on the district court's statements at sentencing, appellant had a reasonable expectation that he would be permitted to appeal the court's application of grouping under the United States Sentencing Guidelines. See United States v. Buchanan, 59 F.3d 914, 917–18 (9th Cir.1995). In the plea agreement, appellant waived appeal of all other aspects of the sentence.

We find no error in the district court's sentencing decision to group the separate counts as they related to separate victims. See U.S.S.G. § 1B1.2(d). However, because appellant was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to United States v. Ameline, 409 F.3d 1073, 1084 (9th Cir. 2005) (en banc). See United States v. Moreno–Hernandez, 419 F.3d 906, 916 (9th Cir.2005).

**REMANDED**

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

